MARY McVEY *v.* JOSEPH HOLDEN, her husband.

Where parties, who were married in this State and had acquired during the marriage and their resi-
dence here, property in slaves, removed for a time to Mississippi and while there entered into a *post
nuptial* contract by which the slaves were conveyed to a trustee for the use and benefit of the wife,
during her life, and after her death were to descend to the joint heirs of the husband and wife—*Held :*
That, after they again returned to this State to reside permanently, their rights must be determined
by our law—the post nuptial contract disregarded—and the slaves will belong to the community.

APPEAL from the District Court of the Parish of Jefferson, *Victor Burthe, J.
Hyams, Labatt & Jonas,* for plaintiff and appellant. *R. King Butler* and
*R. Beauvais,* for defendant.

MERRICK, C. J. This suit is brought for a divorce *a mensa et thoro,* the re-
covery of separate property, and a dissolution of the community.

The divorce is claimed on account of neglect, abandonment, excesses and
"moral cruelty."

The District Judge was of opinion, that the proof was insufficient to support
the allegations for separation from bed and board. An attentive examination of
the testimony has led us to the same conclusion.

The only serious question in the case, is that presented by a *post nuptial* con-
tract executed in the State of Mississippi, (where the parties resided for a time,)
by which the defendant transferred to a trustee the negroes now claimed by the
wife.

The parties were married in Louisiana in 1824, and the slaves in controversy
were acquired during the marriage and prior to the removal of the parties to
Mississippi.

The instrument by which the slaves were conveyed to the trustee, was under
seal and purports to be a conveyance of the negroes to the trustee in considera-
tion of five dollars paid by him. The trustee covenants that the plaintiff shall be
permitted to retain possession of the slaves, have the direction of their labor and
appropriate the same to her own use, free from the liabilities of her husband.
The trustee further covenanted to transfer the property to such persons or uses
as the plaintiff should direct, and in default thereof, and at her death, that the
property should be freed from the trust and descend to the joint heirs of the said
plaintiff and defendant.

Defendant contends that this act is void under the Act of Feb. 15th, 1839, of
Mississippi, which declares that "Any married woman may become seized or
possessed of any property, real or personal, by direct bequest, demise, gift, pur-
chase or distribution in her own name and as of her property; *provided the same
does not come from her husband after coverture.*"

The appellant contends that this statute has not changed the law of Mississippi
in reference to property settled in trust for the benefit of the wife, and cites the
case of *Radcliffe* v. *Dougherty,* 23 Miss. R. 182.

We do not feel called upon to express our opinion upon this question. The
parties were married in this State and had their domicil here at the time the
slaves in controversy were purchased. They having long since returned to their
ancient domicil, which they now make their permanent residence, their rights
may well be determined by the laws which were in force at the time of the mar-
riage, the acquisition of the property, and the rise of the litigation. By our law

<div style="margin-left:auto">MᶜVᴇʏ<br>v.<br>Hᴏʟᴅᴇɴ.</div>

the property belongs to the community, and as the wife brought nothing into the marriage, has inherited nothing, and acquired nothing by donation, there is no ground for a contract between the husband and wife for the transfer of property to her for the replacing of dotal or paraphernal effects alienated by him. C. C. 1784, 2421.

Our law does not permit the parties to make any change in relation to the rights of the spouses after the marriage, (C. C. 2309,) and donations to each other are always revocable. C. C. 1742.

The trust estate created by the *post nuptial settlement* in Mississippi, is in contravention of the above and other provisions of our law. Now, as the wife, (conceding the instrument to be valid by the laws of Mississippi,) acquired only an equitable interest under the laws of that State, which could not be enforced in a court of law, and only by a suit in chancery, we think, comity does not require us to recognize the validity of such settlement, particularly in the absence of the trustee. *Wailes* v. *Daniel*, 14 An. 578. Had the rights of the parties been fixed by the dissolution of the marriage, while they were resident in the State of Mississippi, or if the property conveyed to the trustee had not belonged to the community under our law, the question might possibly have been different.

Judgment affirmed.

Lᴀɴᴅ, J., absent.